**CHARLES YOUNG CONSTRUCTION, INC., a corporation, Plaintiff-Appellee,**

v.

**Harold D. LOOK and Lynn G. Look, Defendants-Appellants.**

No. 73–2235.

United States Court of Appeals, Ninth Circuit.

Nov. 2, 1973.

Revised Nov. 29, 1974.

W. Scott Barrett, Barrett, Ferenz, Bramhall & Klemm, Agana, Guam, Barrett, Ferenz, Bramhall, Paul & Klemm, Oakland, Cal., for appellants.

Fred E. Bordallo, Bordallo & Lujan, Agana, Guam, for appellees.

Before CHAMBERS, ELY and WALLACE, Circuit Judges.

## OPINION

PER CURIAM:

The plaintiff corporation (Young) sued the defendants (Look), seeking specific performance of a contract to sell a parcel of land in Guam. After a court trial ended in judgment for Young, Look appealed. We affirm.

In 1963, the parties executed a four-year lease which contained an option for Young to purchase the leased premises. The terms of purchase included a downpayment of $2,500 with the balance payable in monthly installments of $200 together with interest on the declining balance. Upon exercise of the option, Look was to deliver a warranty deed and a map acceptable to the Department of Land Management of the Government of Guam. In exchange, Young was to deliver a promissory note for the balance of the purchase price secured by a mortgage on the land.

In August, 1967, Young furnished notice of acceptance of the option by tendering the downpayment plus certain overdue rental payments. Two monthly installments were made, and then payments ceased.

Later in 1967, Look provided the warranty deed. However it was not recordable because it did not satisfy Guamanian law. He also produced the required map, but it was not approved by the government until July, 1968. Also in the summer of 1968, Young attempted to tender a note and mortgage to Look and to have him sign another warranty deed. Look refused to sign the deed and did not accept the tender.

Finally, in June, 1969, Young attempted to pay Look the overdue installment payments. Look would not accept the check. Moments later, a marshal served Young with a notice to quit the premises. This lawsuit followed.

The trial court found that the acceptance of the option terminated the lessor-lessee relationship and substituted a new relationship of vendor and purchaser. It further found that neither party had fully performed the conditions of the substituted contract but that Young was entitled to specific performance. We agree.

"The notice of acceptance of a simple option to purchase land substitutes a bilateral contract of purchase and sale for the previous unilateral option contract." 1A Corbin on Contracts § 264, at 528–29 (1963). In the new bilateral contract, the duty of both Look and Young was a conditional duty. Each was bound by mutually dependent and conditional promises to perform, i. e., the deed and the map in exchange for the note and the mortgage. Look furnished a defective deed and never attempted to replace it. Young made an ineffective tender of the note and the mortgage and never tried again.

Though time was of the essence in this contract, neither party made any effort

to enforce that clause. Furthermore neither party completed his performance. "For either party to be put in default, a tender of performance by the other is necessary. . . . If neither party repudiates, or makes tender, no breach has occurred." Corbin, *supra*, § 273, at 602. Because of the unique facts of this case, this contract was still susceptible of performance. Thus the trial court did not err in ordering specific performance.

Affirmed.